UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


ROBERT ADAMS, JR.,            )
                              )
    *Plaintiff*          )
                              )
v.                            )      Civil No. 09-356-B-W
                              )
MICHAEL J. ASTRUE,            )
**Commissioner of Social Security,**   )
                              )
    *Defendant*         )


### RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES AND EXPENSES

The plaintiff moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Act"), for an award of attorney fees and costs in the amount of $3,962.18, following the remand by consent, Docket No. 14, of his appeal from the denial of his application for benefits. EAJA Application for Fees and Expenses ("Application") (Docket No. 16). The defendant does not oppose the application for fees but does contest the amount requested. Defendant's Response to Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act ("Opposition") (Docket No. 17).

Specifically, the defendant contends that the hours worked and the hourly rate requested for those hours are both excessive. *Id*. at 2-5. The plaintiff seeks reimbursement at the hourly rate of $175.75 for attorneys and $90.00 for a paralegal. Application at 2 & Exh. A. The itemized statement attached to the application includes 6.8 hours of attorney time[1] and 30.55 hours of paralegal time. The defendant contends that the hourly rate for attorney time should be

---

[1] The itemized statement erroneously uses 6.9 hours in its calculations.

1

$173.37 or $173.68, and asks that a rate of "no more than $173.53" be used. The plaintiff does not challenge the defendant's calculation of the hourly rate with reference to increases in the Consumer Price Index, Response to Objection ("Response") (Docket No. 18). I will, therefore, use the rate requested by the defendant, $173.53 per hour.

The defendant next challenges the one hour of attorney time charged for drafting and filing the complaint and summons, and drafting a letter and motion for leave to proceed *in forma pauperis*, asserting that this "boilerplate" should require no more than one-quarter to one-half hour. Opposition at 4. I agree and will reduce the allowable attorney time by one-half hour, for a total of 6.3 hours. At $173.53 per hour, this generates a recoverable sum of $1,093.24.

The plaintiff offers no evidence to demonstrate that $90.00 per hour is the prevailing rate charged by lawyers in Maine for work by paralegals. In the fairly recent past, when faced with the same situation, I have recommended that the court allow an hourly rate of $75.00 for paralegal time. *E.g., Stern v. Astrue*, Civil No. 08-213-P-S, 2009 WL 2824751 (D. Me. Aug. 27, 2009), at *2; *Bari v. Astrue*, No. 3:07cv00129 JWC, 2009 WL 47498 (E.D.Ark. Jan. 7, 2009), at *1. I recommend that that rate be used in this case.

Finally, the defendant objects to the 30.55 hours of paralegal time for which the plaintiff seeks reimbursement, characterizing this as "a relatively short case" with a transcript considerably shorter than that in a case in which the statement of errors was prepared in 6.25 hours, as opposed to the 30.55 hours included in the itemized statement here. Opposition at 4-5. He asks that the time be reduced to 13.05 hours, and the plaintiff does not respond in substance, but "leaves the matter solely to the discretion of the Court." Response at [1]. I agree that a 10-page statement of errors, based on a record shorter than "the average for a Social Security disability case," *id*. at 4, should not require 30.55 hours to create, for a paralegal working in the

plaintiff's law firm specializing in such cases. I find the requested reduction too drastic, however, and recommend that the court allow 16 hours. At the hourly rate of $75.00, this results in an allowable charge of $1,200.00.

For the foregoing reasons, I recommend that the plaintiff's application for attorney fees and expenses be **GRANTED** in the amount of $2,293.24.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of June, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge